## In re MUMMERT.

(Court of Appeals of District of Columbia. Submitted January 12, 1922 Decided February 6, 1922.)

### No. 1473.

Patents ⚬→138(1)—Exception to limitation for application for reissue only made where delay is unavoidable.

While the rule requiring an application for reissue to be made within two years after the original issue is not inexorable, it is enforced with strictness, and exception is only made where the excuse for delay is either unavoidable or it is clear that the rejection would result in great injustice, and a showing that a delay of three and one-half years was caused by the ill health of applicant. the death of her husband and the absence of her son in the military service, is insufficient.

Appeal from the Commissioner of Patents.

Application by Alice N. Mummert for a reissue patent for dust collecting bag for vacuum cleaners. From a decision of the commissioner of patents rejecting two of the claims in the application, the applicant appeals. Affirmed.

Fred L. Chappell and Otis A. Earl, both of Kalamazo, Mich., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Commissioner of Patents rejecting the following claims in a reissue application:

9. A dust-collecting bag for a vacuum cleaner formed of crêpe paper, the texture of which permits the passage of air and filters the dust therefrom.
10. A dust-collecting bag for vacuum cleaners formed of paper, the texture

⚬→For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of which has been opened sufficiently to permit the free passage of air therethrough and to filter and collect the dust therefrom.

The claims were rejected upon two grounds:

(1) Laches or delay in filing the application.

(2) On the ground that appellant is estopped to make the claims since claims to the same subject had been formerly made by appellant and canceled.

The present application for reissue was filed more than 3½ years after the original patent was granted, and while appellant has attempted to excuse her delay in applying for reissue, on the grounds of ill health, the death of her husband, and the absence of her son in the military service, we agree with the Commissioner that in the light of the record the excuse is not sufficient.

It is apparent that it was not until others had entered the field that appellant appreciated the value of porous paper as a dust-collecting medium. In her original specification she defined the invention as relating "to new and improved dust-collecting bags and vacuum cleaners and more particularly to an improved bag for this purpose which is constructed of a single blank of paper or cloth." In another place canton flannel and crêpe paper are suggested as suitable material. The importance of paper was not suggested in the original claims, but on September 29, 1913, three claims were presented by amendment relating to a bag comprising a paper body, and subsequently on December 12, 1913, by an amendment which called for "crimped" and "crêpe" paper. These claims were rejected by the Examiner and the patent was not allowed until appellant had canceled the references therein to "paper," "crêpe paper," and "crimp paper." The application was allowed to forfeit, and upon renewal two claims were presented which related solely to a bag for vacuum cleaners made of crêpe paper. These claims the Examiner rejected upon certain references, whereupon applicant canceled the claims and inserted two others directed to the form of the bag and the blank from which the bag is made. Nothing further was said relative to the importance of paper. In this condition the patent was granted and accepted. It is therefore apparent that the value of porous paper as a dust-collecting medium was an afterthought, hence this delayed application for reissue.

While the rule that an application for reissue must be made within two years after the issue of the original patent is not inexorable, yet the courts have enforced the limitation with strictness, and exception is only made in cases where the excuse for delay is either unavoidable or it is clear that the rejection of the application would result in great injustice. Without stopping to analyze the facts in this case, we are of the opinion that the Commissioner was justified in rejecting the application. It is unnecessary therefore to consider the question of estoppel.

The decision of the Commissioner is affirmed.

Affirmed.

Mr. Justice HOEHLING of the Supreme Court of the District of Columbia sat in the place of Mr. Chief Justice SMYTH in the hearing and determination of this appeal.